

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:19-cr-445-T-33AAS

ODIMAR ARAGON PANDALES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Karin B. Hoppmann, Attorney for the United States for the Middle District of

Florida, acting under authority conferred by 28 U.S.C. § 515, and the

defendant, Odimar Aragon Pandales, and the attorney for the defendant,

Darlene Calzon Barror, Esq., mutually agree as follows:

## A.   **Particularized Terms**

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Information.  Count One charges the defendant with conspiracy to

defraud the United States and obstruct justice, in violation of 18 U.S.C. § 371.

Count Two charges the defendant with obstruction of the administration of

justice, in violation of 18 U.S.C. § 1503(a).

Defendant's Initials 

2. <u>Maximum Penalties</u>

Count One carries a maximum sentence of five years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than three years, and a special assessment of $100. Count Two carries a maximum sentence of ten years' imprisonment, a fine of up to $250,000, a term of supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

<u>First:</u>    two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

<u>Second:</u>    the Defendant knew the unlawful purposes of the plan—in this case, to defraud the United States and obstruct justice—and willfully joined in it;

<u>Third:</u>    during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

Defendant's Initials     2

Fourth: the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

The elements of Count Two are:

First: there was a proceeding before this Court; and

Second: the Defendant knowingly and corruptly tried to influence, obstruct, or impede the due administration of justice in that judicial proceeding.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties

Defendant's Initials  3

understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the

Defendant's Initials      4

defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the



Defendant's Initials _____       5

imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10. <u>Cooperation - Responsibilities of Parties</u>

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and

Defendant's Initials        7

may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant



Defendant's Initials _____     8

agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a forfeiture money judgment of at least $230,000 constituting



Defendant's Initials _____          9

the proceeds the defendant obtained as the result of his obstruction of the administration of justice, as charged in Count Two, to which the defendant is pleading guilty. The defendant acknowledges and agrees that: (1) the defendant obtained this amount as a result of the commission of the offense(s), and (2) as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant also agrees to waive all constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be

Defendant's Initials      11

polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding



the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.** **Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the



Defendant's Initials _____     13

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.  Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _____    14

4.     <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States



Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to



Defendant's Initials _____          17

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges



Defendant's Initials _____ 18

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.



Defendant's Initials _____          19

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

From September 2015 through August 30, 2019, the defendant, Odimar Aragon Pandales ("Pandales"), knowingly and willfully conspired with a person known to the United States, but referred to herein as "Attorney-1," and certain clients of Attorney-1, to (1) defraud the United States for the purpose of impeding, impairing, obstructing, and defeating—through deceit, craft, trickery, and dishonest means—the lawful governmental functions of the United States, that is the United States Attorney's Office for the Middle District of Florida ("USAO MDFL") in determining whether to file a 5K1.1 or Rule 35 motion to reduce various federal defendants' prison sentences, or anticipated prison sentences, based on substantial assistance provided to the United States, and the United States District Court for the Middle District of Florida ("USDC MDFL") in deciding whether to grant a 5K1.1 or Rule 35 motion to reduce the prison sentences or anticipated prison sentences of these

federal defendants; and (2) obstruct the administration of justice in a pending judicial proceeding.

Section 5K1.1 of the United States Sentencing Guidelines ("5K1.1") and Rule 35(b) of the Federal Rules of Criminal Procedure ("Rule 35") set forth the procedures by which a United States District Court can reduce a federal defendant's sentence for providing substantial assistance to the United States. In particular, 5K1.1 authorizes the United States to file a pre-sentence motion to reduce the defendant's sentencing guidelines range if the defendant provides substantial assistance in the investigation or prosecution of another person. Rule 35, on the other hand, authorizes the United States to file a post-sentence motion to reduce a defendant's sentence for providing substantial assistance to the United States in the investigation or prosecution of another person.

The USAO MDFL—the federal prosecuting authority in the Middle District of Florida—has the authority to determine whether a defendant provides substantial assistance to the United States and whether to file a motion to reduce the defendant's sentence pursuant to 5K1.1 or Rule 35. Typically, before filing a 5K1.1 or Rule 35 motion to reduce a defendant's sentence, the USAO MDFL requires the defendant to personally provide substantial assistance to the United States in its investigation or prosecution of



another person for committing a crime. Accordingly, in the usual case, a defendant will personally provide substantial assistance to the United States and, as a reward for that assistance, the USAO MDFL will file a 5K1.1 or Rule 35 motion with the USDC MDFL to reduce the defendant's sentence.

Without the filing of a 5K1.1 motion, a U.S. District Court does not have the authority to depart downward from a defendant's sentencing guidelines range based on substantial assistance,[1] and without the filing of a Rule 35 motion, a U.S. District Court does not have the authority to reduce a defendant's sentence based on substantial assistance to the United States.

In this case, the ultimate goal of the conspirators was to convince the USAO MDFL to file a 5K1.1 or Rule 35 motion for Attorney-1's clients under false and fraudulent pretenses, and for the USDC MDFL to grant those motions, thereby resulting in reduced prison sentences for Attorney-1's clients. Those efforts, however, were thwarted by federal law enforcement authorities.

PANDALES is a Colombian national with deferred action in the United States. In January 2011, a federal grand jury in the Middle District of Florida returned an indictment against PANDALES charging him with conspiracy to possess with intent to distribute five kilograms or more of

---

[1]     Notwithstanding the lack of authority to depart downward under these circumstances, a U.S. District Court may nevertheless vary downward in a sentence based on a defendant's cooperation with the United States.



Defendant's Initials _____          22

cocaine while on board a vessel subject to the jurisdiction of the United States and conspiracy to manufacture and distribute five kilograms or more of cocaine. *See* Case No. 8:11-cr-27-T-23TGW. On or about April 26, 2012, PANDALES pleaded guilty to both counts in the indictment. PANDALES cooperated extensively with the United States, which compelled the USAO MDFL to file a 5K1.1 motion for him. The USDC MDFL granted that motion and on or about November 23, 2015, it sentenced PANDALES to time served and five years' supervised release.

Around September 2015, PANDALES and Attorney-1 devised a plan to broker 5K1.1 and Rule 35 sentence reductions by selling information to Attorney-1's clients to earn them substantial assistance credit. PANDALES's role was to obtain information about drug trafficking activities that would be of interest to law enforcement. Attorney-1 would then relay this information to his clients, who, in turn, would provide it to federal law enforcement. Attorney-1 was also responsible for collecting the fees from his clients and sharing it with PANDALES. If the information led to a successful interdiction of narcotics, Attorney-1 would advocate for a 5K1.1 or Rule 35 sentence reduction for his client. To try and minimize detection by law enforcement regarding their conspiratorial activities, PANDALES and

Defendant's Initials _____    23

Attorney-1 used WhatsApp, a mobile-messaging application with end-to-end encryption.

In September 2015, Attorney-1 was representing two clients, referred to herein as Client-1 and Client-2, who were awaiting sentencing in their federal drug cases. Both Client-1 and Client-2 were facing lengthy prison sentences. Before sentencing, on or about September 25, 2015, PANDALES, while in the Middle District of Florida, obtained information about a cocaine smuggling event. PANDALES provided this information to Attorney-1 with the understanding that if law enforcement disrupted the smuggling venture, Attorney-1's clients would pay him for the information. Attorney-1 provided the information about the smuggling event to Client-1 and Client-2, who, in turn, provided it to federal law enforcement, under the false and fraudulent pretenses that the information came from Client-1 and Client-2. This information ultimately led to the seizure of a sizeable amount of cocaine. PANDALES and Attorney-1 charged Client-1 and Client-2 approximately $90,000 for this information; Attorney-1 collected a $10,000 fee while the remaining $80,000 went to a third-party selected by PANDALES.

Around the beginning of January 2016, after Client-1 and Client-2 had been sentenced to federal prison, PANDALES obtained information, while in the Middle District of Florida, about another cocaine smuggling



Defendant's Initials _____    24

venture. PANDALES provided this information to Attorney-1. Attorney-1, in turn, provided the information to Client-1 and Client-2, who then relayed it to federal law enforcement, again under the false and fraudulent pretenses that the information came from Client-1 and Client-2. The information about the cocaine smuggling venture led to an interdiction. This time, however, PANDALES and Attorney-1 charged Client-1 and Client-2 approximately $120,000 for this information. After Attorney-1 took his cut of approximately $20,000, the remaining $100,000 went to a third-party selected by PANDALES.

After these two cocaine smuggling ventures were thwarted by law enforcement authorities, Attorney-1 began requesting that the USAO MDFL file a Rule 35 motion for both Client-1 and Client-2 based on the false and fraudulent premise that Client-1 and Client-2 had legitimately cooperated with and provided information to federal law enforcement authorities about cocaine smuggling activities. The USAO MDFL, however, did not file a Rule 35 motion for either client. Attorney-1 went so far as to file a motion with the USDC MDFL who sentenced Client-1 and Client-2, complaining that the USAO MDFL had not filed a Rule 35 motion for either client. Attorney-1 later withdrew this motion.



In or around October or November 2017, PANDALES contacted Attorney-1 and advised that a person known to the United States, but referred to herein as "Target-1," was in need of a criminal defense attorney. Attorney-1 met with Target-1 in July 2018. During their meeting, Attorney-1 explained to Target-1 that he would be able to purchase information that could be used to obtain substantial assistance credit with federal law enforcement authorities. Attorney-1 further explained that obtaining substantial assistance credit could then result in a reduction in Target-1's anticipated prison sentence. Target-1 agreed to retain Attorney-1 and take advantage of the non-legal services being offered.

On February 2, 2019, PANDALES, from a location in the Middle District of Florida, communicated with Attorney-1 over WhatsApp regarding a cocaine smuggling venture. That same day, Attorney-1 sent this information to his client, Target-1. The following day, on February 3, 2019, Target-1 sent the information about the cocaine smuggling venture to PANDALES, not knowing that PANDALES was involved in the conspiracy with Attorney-1 and Target-1. As far as Target-1 knew, PANDALES was a person responsible for supplying information to federal law enforcement. PANDALES provided the information from Target-1 to the FBI, falsely attributing the information to Target-1, so Target-1 could get credit for it.

PANDALES and Attorney-1 charged Target-1 $60,000 for this information, but Target-1 only paid $50,000.

On April 25, 2019, PANDALES, from a location in the Middle District of Florida, communicated with Attorney-1 over WhatsApp regarding another cocaine smuggling venture. That same day, Attorney-1 sent this information to Target-1. The following day, on April 26, 2019, Target-1 sent the information about the cocaine smuggling venture to PANDALES, still not knowing that PANDALES was involved in the conspiracy with Attorney-1 and Target-1. PANDALES provided the information from Target-1 to the FBI, falsely attributing the information to Target-1.

At the time PANDALES and Attorney-1 engaged in this conspiracy to fraudulently obtain substantial assistance credit for Target-1, they believed that an indictment against Target-1 by a federal grand jury in the Middle District of Florida was imminent. Both PANDALES and Attorney-1 corruptly engaged in this conduct with the intention of influencing, obstructing, and impeding the due administration of justice in Target-1's anticipated federal drug case in the Middle District of Florida.

PANDALES and Attorney-1's conspiracy to defraud the United States, and to obstruct the administration of justice, applied to seven of Attorney-1's clients, including Target-1, Client-1, and Client-2.



Defendant's Initials _____   27

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 26th day of September, 2019.

KARIN B. HOPPMANN
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

_____
Odimar Aragon Pandales
Defendant

_____
Simon A. Gaugush
Assistant United States Attorney
Deputy Chief, Criminal Division

_____
Darlene Calzon Barror, Esq.
Attorney for Defendant

_____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division